**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OSCAR ROLANDO RAMOS GONZALEZ,** *Petitioner,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **ANDY CRUZ, Warden, Federal Detention Center, Philadelphia, *et al.*,** *Respondents.* | : | **No. 26-cv-8300** |

**ORDER**

**AND NOW**, this **9th** day of **November 2026**, upon review of Respondents' Response Opposing Petition for Habeas Corpus Writ ("Respondents' Opposition") (ECF No. 6), and the docket, it is hereby **ORDERED** as follows:

1. Respondents shall **FILE** a **SUPPLEMENTAL RESPONSE** on or before **November 10, 2026 at 12:00 P.M.** stating:
   a. whether or not Petitioner was served with a Notice to Appear (Form I-862) contemporaneously with his arrest; and
   b. the approximate time that the Notice to Appear was generated and the location where the Notice to Appear was issued.[1]

[1] It is unclear from Respondents' Opposition (ECF No. 6) when or where the Notice to Appear ("NTA") was generated. *See id.* at 1–3. While Respondents provide a clear timeline, including approximate time stamps, detailing when and where Petitioner was arrested as well as when and where his arrest warrant was generated, Respondents provide the Court with little to no detail as to when an NTA was generated and provided to Petitioner in this case. *See id.* at 1–2. Respondents submit only that "Petitioner was served a [NTA] (Form I-826) . . . and then transported to, and detained at, the Philadelphia Federal Detention Center . . . ." *Id.* at 2. But on the very next page of Respondents' Opposition (ECF No. 6), Respondents ask the Court to reconsider its holding in *Lopez-Lopez v. Jamison*, No. CV 26-7618, 2026 WL 3094744, at *3–4 (E.D. Pa. Oct 16, 2026), which reads the Immigration and Nationality Act ("INA") and its implementing regulations to permit an arrest of a non-citizen on a Form I-200 warrant when an existing NTA is already in place or when an NTA is issued contemporaneously with the arrest. ECF No. 6 at 3. The Court presumes

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

that Respondents pursue this seemingly inconsistent argument only because an NTA was *not* issued prior to Petitioner's arrest in this case.

The Court notes that this is not the only inconsistency apparent from Respondents' briefing. That is, while Petitioner's Form I-213 states that Respondents' "[m]ethod of [l]ocation/[a]pprehension" was "NCA" (presumably referring to a non-custodial arrest) on/at the "[d]ate/[h]our" of "*11:55*" on "10/27/2026[,]" Respondents also submit that Petitioner was provided with an arrest warrant "at the time of his arrest at approximately *11:22 a.m.*" before he was transported to the FDC. ECF No. 6-1 at 1; ECF No. 6 at 2. Each of these inconsistencies shall be addressed by Respondents in their Supplemental Response.